# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DIVISION OF TEXAS
## GALVESTON DIVISION

| | |
|---|---|
| **Jacque Kenshashwa Washington** | )( Civil Action No.: |
| | )(Article III Court of Equity |
| | )( |
| **Plaintiff,** | )( |
| **V.** | )( |
| | )( |
| **STATE OF TEXAS;** | )( |
| **CITY OF FREEPORT, TEXAS;** | )( |
| **BRAZORIA COUNTY COURT** | )( |
| **AT LAW #4;** | )( |
| **FREEPORT POLICE** | )( |
| **DEPARTMENT;** | )( |
| **LORI LEE RICKERT, Individual;** | )( |
| **THOMAS J. SELLECK,** | )( |
| **Individual;** | )( |
| **ELLIOT BEATTY, Individual;** | )( |
| **J. MARTIN, Individual;** | )( |
| **C. GRAHAM, Individual;** | )( |
| **DANNY GILLCHRIEST,** | )( |
| **Individual;** | )( |
| **DOE OFFICERS #1-99, Individual;** | )( |
| **JOHN AND/OR JANE DOE #1-99,** | )( |
| **Individual;** | )( |
| **ET, AL.;** | )( |
| | )( |
| **Defendants.** | )( |

United States Courts
Southern District of Texas
F I L E D

FEB 13 2023

Nathan Ochsner, Clerk of Court

## PLAINTIFF'S ORIGINAL COMPLAINT

### TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES Plaintiff, Jacque Kenshashwa Washington, complaining of the

STATE OF TEXAS; CITY OF FREEPORT, TEXAS; BRAZORIA COUNTY

Plaintiff's Original Complaint

COURT AT LAW #4; FREEPORT POLICE DEPARTMENT; LORI LEE

RICKERT, *Individually*; THOMAS J. SELLECK, *Individually*; ELLIOT

BEATTY, *Individually*; J. MARTIN, *Individually*; C. GRAHAM, *Individually*;

DOE OFFICERS #1-99, *Individually*; JOHN AND/OR JANE DOE #1-99,

*Individually*, Et. Al., and will show the Court the following:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over Plaintiff's federal claims, under 28

    U.S.C. § 1331, 42 U.S.C. §§§ 1983, 1985, and 1988, and supplemental

    jurisdiction, under 28 U.S.C. § 1367(a), to hear Plaintiff's state law

    claims, if any. Venue is proper in this Court, under 28 U.S.C. § 1391(b)

    because the incidents at issue took place in Brazoria, County, Texas

    within the United States Southern District of Texas.

## PARTIES

2.  Plaintiff Jacque Kenshashwa Washington (hereinafter, sometimes

    Plaintiff"), is a living man, brought about by natural means, one of "We

    the People," a Private National/Private Native, domiciled in Fort Bend

    County, Texas, and continually present upon the lands now know as the

    Republic/Nation/State of Texas.

3. Defendant STATE OF TEXAS is a corporate entity and co-surety allegedly representing the people of the Republic/Nation/State of Texas and has been served with service of process by serving the STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL KEN PAXTON, 300 West 15TH Street, Austin, Texas, 78701 and/or email disaster-counsel@oag.texas.gov.

4. Defendant CITY OF FREEPORT, TEXAS, is a municipality existing under the laws of the State of Texas and situated mainly in Brazoria County, Texas in the United States Southern District of Texas and has been served with service of process by serving the City of Freeport Secretary, BETTY WELLS, 200 West 2nd Street, 3rd Floor, Freeport, Texas, 77541 and/or email bwells@freeport.tx.us.

5. Defendant BRAZORIA COUNTY COURT AT LAW #4 is a corporate entity existing under the laws of ARTICLE I OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA and can be served with service of process by serving LORI LEE RICKERT, Judge over BRAZORIA COUNTY COURT AT LAW #4, 111 East Lucas Street, Angleton, Texas 77515.

6. Defendant FREEPORT POLICE DEPARTMENT is a corporate entity existing under the rules for the CITY OF FREEPORT, TEXAS and may be served with service of process by serving DANNY GILLCHRIEST, Interim-Police Chief of FREEPORT POLICE DEPARTMENT, 430 North Brazosport Boulevard, Freeport, Texas 77541 and/or email dgillchriest@freeport.tx.us.

7. Defendant LORI LEE RICKERT (hereinafter, sometimes "JUDGE RICKERT"), *Individually,* at all times relevant was the Judge in charge of Brazoria County Court at Law #4, is sued in her individual capacity and can be served with process at 111 East Lucas Street, Angleton, Texas 77515 or wherever she is found.

8. Defendant THOMAS J. SELLECK (hereinafter, sometimes "DISTRICT ATTORNEY SELLECK"), *Individually,* at all times relevant was the District Attorney for Brazoria County, Texas and is sued in his individual capacity and has been served with process at 111 East Lucas Street, Angleton, Texas 77515 and/or email toms@brazoria-county.com. Defendant ELLIOT BEATTY (hereinafter, sometimes "ATTORNEY BEATTY"), *Individually,* at all times relevant was a Prosecuting Attorney for Brazoria County, Texas is sued in his individual capacity

Plaintiff's Original Complaint

and can be served with process at 111 East Lucas Street, Angleton, Texas 77515 or wherever he is found.

9.  Defendant J. MARTIN (hereinafter, sometimes "CO-SURETY MARTIN"), *Individually and Co-surety,* is sued in his individual and co-surety capacities and can be served with process via the agent THOMAS J. SELLECK at 111 East Lucas Street, Angleton, Texas 77515 or wherever he is found.

10. Defendant C. GRAHAM (hereinafter, sometimes "Officer Graham"), *Individually*, is sued in his individual capacity and can be served with process at 430 North Brazosport Boulevard, Freeport, Texas 77541 or wherever he is found.

11. Defendant DANNY GILLCHRIEST (hereinafter, sometimes "CHIEF GILLCHRIEST"), *Individually*, is the current Interim Police Chief of the FREEPORT POLICE DEPARTMENT for the CITY OF FREEPORT and is sued in his individual capacity and has been served with process at 430 North Brazosport Boulevard, Freeport, Texas 77541 and/or email dgillchriest@freeport.tx.us, or wherever he is found.

12. Defendant DOE OFFICERS #1-99 (hereinafter, sometimes "DOE OFFICERS"), are those Freeport Police Officers involved in any civil

rights violation of Plaintiff whose identity has not been determined. Once

identified, they are sued in their individual capacities and can be served

with process at 430 North Brazosport Boulevard, Freeport, Texas 77541

or wherever they may be found.

13. JOHN AND/OR JANE DOE #1-99 (hereinafter, sometimes "DOE #1-

99") are those individuals involved in any civil rights violation of

Plaintiff whose identity has not been determined. Once identified, they

are sued in their individual capacities and can be served with process at

111 East Lucas Street, Angleton, Texas 77515 or wherever they may be

found.

## **COMPLAINT**

14. This complaint stems from various violations in Cause Number 254249

in Brazoria County Court at Law #4, rescheduled, without Plaintiff's

voluntary consent, for trial on February 13, 2023 at 9:30 a.m.

15. Plaintiff has no remedy and requests this matter be immediately abated

and/or have an injunction placed upon this matter.

16. Plaintiff has valid claims against Defendants for violations of the Fourth,

Fifth, Sixth, Nineth, and Thirteenth amendments to the Constitution for

the United States of America.

17. Plaintiff has additional claims against Defendants, including but not limited to violations of 18 U.S.C. 241 and 18 U.S.C. 242.

18. Plaintiff also has additional claims against Defendants, including but not limited to breach of trust, breach of custodial and/or ministerial duties, witness tampering, assault, kidnapping, false imprisonment, co-mingling of public/private trust res, liability for failure to intervene, actual and punitive damages, and mental anguish.

## VIOLATIONS OF THE FOURTH, FIFTH, SIXTH, NINETH, AND THIRTEENTH AMENDMENTS

19. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

20. The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." The Fifth Amendment guarantees "no person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor

Plaintiff's Original Complaint

shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation." The Sixth Amendment guarantees "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence." The Nineth Amendment guarantees "the enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." The Thirteenth Amendment guarantees "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." *The Constitution for the United States of America.*

21. Plaintiff rights have been violated as shown in the exhibits submitted with this original complaint against Defendants.

## **VIOLATIONS OF 18 U.S.C. 241 AND 18 U.S.C. 242**

22. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

23. 18 U.S.C. 241 guarantees "If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or

24. If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—

25. They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death."

26.18 U.S.C. 242 guarantees "Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death."

27.Plaintiff rights have been violated as shown in the exhibits submitted with this original complaint against Defendants.

## BREACH OF TRUST, BREACH OF CUSTODIAL AND/OR MINISTERIAL DUTIES, WITNESS TAMPERING, ASSAULT, KIDNAPPING, FALSE IMPRISONMENT, AND CO-MINGLING OF PUBLIC/PRIVATE TRUST RES

28. Defendants have breached Plaintiff's private trust, breached his/her custodial and/or ministerial duties by not granting the abatement and co-mingling public and private trust res, witness tampering by John Doe #1 who sometimes acts as bailiff in Judge LORI LEE RICKERT's Court by having Plaintiff's witness removed from the Court and made to wait in the hallway, assaulted, kidnapped, and falsely imprisoned the Plaintiff.

## LIABILITY FOR FAILURE TO INTERVENE

29. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

30. A law enforcement officer "who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983." Hale v. Townley, 45 F.3d 914, 919 (5th Cir. 1995). Although Hale most often applies in the context of excessive force claims, the Fifth Circuit Court recognized that other constitutional violations also may support a theory of bystander

liability. Whitley v. Hanna, 726 F.3d 631, 646 n. 11 (5th Cir. 2013)

(citing Richie v. Wharton County Sheriff's Dep't Star Team, No. 12–

20014, 2013 WL 616962, at *2 (5th Cir. Feb. 19, 2013) (per curiam)

(unpublished)(noting that plaintiff failed to allege facts suggesting that

officers "were liable under a theory of bystander liability for failing to

prevent ... other member[s] from committing constitutional violations")).

Further, the Second Circuit has stated that "law enforcement officials

have an affirmative duty to intervene to protect the constitutional rights

of citizens from infringement by other law enforcement officers in their

presence." Anderson v. Branen, 17 F.3d 552, 557 (2d Cir.1994). See also,

Byrd v. Brishke, 466 F.2d 6, 11 (7th Cir. 1972) ("we believe it is clear

that one who is given the badge of authority of a police officer may not

ignore the duty imposed by his office and fail to stop other officers who

summarily punish a third person in his presence or otherwise within his

knowledge."). Thus, all present defendant DOE OFFICERS, from the

FREEPORT POLICE DEPARTMENT, may be liable under § 1983

under a theory of bystander liability when the officer "(1) knows that a

fellow officer is violating an individual's constitutional rights; (2) has a

reasonable opportunity to prevent the harm; and (3) chooses not to act."

Whitley, 726 F.3d at 646.

## ASSAULT

31. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

32. A defendant is liable for assault if

> 1. The defendant acted intentionally, knowingly, or recklessly.
>
> 2. The defendant made contact with the plaintiff's person.
>
> 3. The defendant's contact caused bodily injury to the plaintiff. -- See Moore v. City of Wylie, 319 S.W.3d 778, 782 (Tex.App.—El Paso 2010, no pet.). In an action for assault by offensive physical contact, the plaintiff can recover actual damages for mental anguish even without showing physical injury. Id.

## MENTAL ANGUISH

33. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

34. Plaintiff suffered at least anxiety, fear, anger and depression because of the acts of the individually named defendants and the City of Freeport and, therefore, and seeks damages for mental anguish as well as the pain and suffering, past and future, and other damages set forth above.

## ACTUAL AND PUNITIVE DAMAGES

Plaintiff's Original Complaint

35. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

36. The individually named defendants actions and inactions cause them to be liable for actual and punitive damages as they were consciously indifferent to the plaintiff's constitutional rights and they did the acts knowingly, such acts being extreme and outrageous and shocking to the conscious.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court:

A. Enter an immediate abatement and/or an injunction for cause number 254249 in Brazoria County Court at Law #4 and enter a judgment for the Plaintiff and against the individual Defendants and the City of Freeport holding them jointly and severally liable;

B. Find that Plaintiff is the prevailing party in this case and award attorneys' fees and costs, pursuant to federal law, as noted against all defendants;

C. Award damages to Plaintiff for the violations of his Constitutional rights;

D. Award Pre- and post-judgement interest;

E. Award Actual and Punitive damages against each and every individually named defendant, and

F. Grant such other and further relief as appears reasonable and just, to

which plaintiff shows himself entitled.

Respectfully submitted,

/s/ Jacque Kenshashwa Washington _____

Jacque Kenshashwa Washington

c/o 1911 Roaring Trail Court

Fresno, Texas near [77545]

713-392-1256

Jwash2k4@yahoo.com

Plaintiff's Original Complaint

## Federal Claim for Violation of Rights

From:  j washington (jwash2k4@yahoo.com)

To:    disaster-counsel@oag.texas.gov; bwells@freeport.tx.us; dgillchriest@freeport.tx.us; toms@brazoria-county.com;
       jwash2k4@yahoo.com

Date:  Monday, February 13, 2023 at 06:40 AM CST

Please be advised of the following lawsuit.

Regards,

Jacque Kenshashwa Washington
713-392-1256

     JKWFedlawsuit.doc
                         55kB